**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No. 8:17-cr-149-T-17TBM**

**SEEWCHAND SAHADEO,**

**Defendant.**
**______________________________________________/**

**PRETRIAL DISCOVERY ORDER AND**
**<u>NOTICE OF TRIAL AND STATUS CONFERENCE</u>**

The Defendant has been arraigned, and in order to facilitate a self-executing procedure to regulate discovery proceedings in the instant action and minimize the number of "routine or standard discovery motions" for which established rulings and precedent exist,

IT IS HEREBY ORDERED AND ADJUDGED:

I. That upon request by the Defendant, at arraignment or in writing thereafter, counsel for the Government shall, no later than ten (10) days from the date of this Order, (unless otherwise specified in a particular paragraph), comply with the discovery and disclosure requirements set forth below:

A. In accord with Rule 16 and as otherwise required by law, the Government shall disclose the following information and documents. Where appropriate, the Government shall supply copies, or make available for inspection, copying, or photographing such information or documents. All such information and documents in the Government's possession, custody, or control, the existence of which is known or through the exercise of due diligence may become known to the Government, shall be provided.

1. All written, recorded, or oral statements made by the Defendant, including grand jury testimony, as defined in Rule 16(a)(1)(A), (B), and (C).

2. The Defendant's prior criminal record as defined in Rule 16(a)(1)(D).

3. Documents, tangible objects, or building or places that are material to the preparation of the defense or were obtained from or belong to the Defendant or are intended for use by the Government in its case-in-chief, as defined in Rule 16(a)(1)(E).

4. Results or reports of any physical or mental examination and of any scientific test or experiment, that are material to the preparation of the defense or are intended for use by the Government, as defined in Rule 16(a)(1)(F).

5. At the Defendant's request, the Government shall disclose to the Defendant a written summary of any testimony the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications as set forth in Rule 16(a)(1)(G).

II. Without the necessity of further motions or demands, at an appropriate time, but at least ten (10) days prior to the Defendant's trial, and with due consideration to specific requests made to the Government by Defendant(s):

A. The Government shall reveal to the Defendant and permit inspection and copying of all information and material known to the Government that may be favorable to the Defendant on the issue of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963); United States v. Agurs, 427 U.S. 97 (1976); United States v. Bagley, 473 U.S. 667 (1985); and Kyles v. Whitley, 514 U.S. 419 (1995).

B. The Government shall disclose to the Defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective Government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), and Napue v. Illinois 360 U.S. 264 (1959). The Government shall supply the Defendant with a record of prior convictions of any witness who will testify for the Government at trial. The Government shall make available any application to the court for immunity of a witness, as well as any order issued in response to the application.

III. Reciprocal Discovery. Any Defendant requesting discovery of those items specified in Rule 16(a)(1)(E), (F) and (G), upon the Government's compliance, shall promptly disclose to the Government all documents and tangible items and reports of examinations and tests to be introduced at trial as defined in Rule 16(b) of the Federal Rules of Criminal Procedure.

IV. Additional Obligations of the Government.

In addition to the foregoing, the Government is also subject to the following requirements:

1. The Government shall advise the Defendant, within twenty (20) days of the date of this Order, whether electronic surveillance of any kind or a mail cover was used in this case and, if so, the duration and nature of the surveillance. Applications, affidavits, and orders related to wire or electronic intercepts shall be timely provided to the Defendant.

2. The Government shall provide to each Defendant, no later than ten (10) days prior to trial, a list stating the general nature of any crimes, wrongs, or acts it intends to introduce in evidence in its case-in-chief, for impeachment, or for possible rebuttal pursuant to Rule 404(b) of the Federal Rules of Evidence.

3. The Government shall provide to each Defendant, no later than ten (10) days prior to trial, the names of any unindicted co-conspirators whose statements will be offered against the Defendant in the case-in-chief pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence.

4. The Government shall advise all law enforcement agents and officers involved in this case to retain any rough notes, recordings, reports, and statements pertaining to this case that are currently in existence.

5. The Government shall not destroy any evidence in this case without giving ten (10) days notice to all defense counsel. If there is any objection filed to the proposed destruction, the Government shall not destroy the evidence without first having obtained the court's approval to do so.

6. The Government shall advise the Defendant whether a confidential informant was used in this case within ten (10) days of the date of this Order.

7. The Government shall state whether Defendant was identified in any lineup, showup, photo spread, or similar identification proceeding, and produce any pictures utilized or resulting therefrom within ten (10) days of the date of this Order.

8. The Government shall state whether any evidence to be introduced at trial or leads therefrom were obtained as a result of a search warrant issued under Rule

41 of the Federal Rules of Criminal Procedure within ten (10) days of the date of this Order.

9. The Government shall notify the Defendant of all tape recordings or video recordings obtained during the investigation, regardless of whether the recordings will be used in the Government's case-in-chief or contain statements of the Defendant, within ten (10) days of the date of this Order.

V. Continuing Duty. It shall be the continuing duty of counsel for the parties to promptly reveal to opposing counsel all newly discovered information or material(s) within the scope of this Standing Order and Rule 16.

VI. Duty to Cooperate.

Absent good cause, the court will not entertain any motion relating to discovery unless counsel for the moving party certifies that counsel for the parties have been unable to resolve their differences or reach agreement after holding a conference or that opposing counsel has refused to confer without good cause.

All motions shall be timely filed so as not to interfere with any scheduled trial date.

VII. Pretrial Motions. Unless otherwise ordered or permitted by the trial judge, pretrial motions attacking the sufficiency of the Indictment or seeking a bill of particulars shall be filed within fifteen (15) days of the date of arraignment and motions to suppress shall be filed within thirty (30) days of the date of arraignment. Unless otherwise ordered or permitted by the trial judge, any notice called for by Fed. R. Crim. P. 12.1, 12.2, or 12.3 related to an alibi defense, an insanity defense, or expert testimony of Defendant’s mental condition, or a defense based upon public authority shall be served no later than thirty (30) days from the date of arraignment absent good cause shown.

VIII. Notice Of Trial Date And Status Conference. This case is set before the Honorable Elizabeth A. Kovachevich, United States District Judge:

**FOR TRIAL the weeks of to be determined .**

**FOR STATUS CONFERENCE on May 5, 2017, at 10:30 a.m.**

**AFTER THE FIRST DAY OF THE TRIAL TERM, ALL COUNSEL SHALL BE AVAILABLE AND READY FOR THE TRIAL UPON 24 HOURS NOTICE.**

**Done and Ordered** in Tampa, Florida, this 17th day of April, 2017.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE